IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN W. WISNOM,                  No.  CIV.S-05-0753 DAD

      Plaintiff,

  v.                                 <u>ORDER</u>

JO ANNE B. BARNHART,
Commissioner of Social
Security,

      Defendant.
_____/

      This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and/or remand and defendant's cross-motion for summary judgment.  For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is reversed and this matter is remanded with the direction to grant benefits.

**PROCEDURAL BACKGROUND**

      Plaintiff Jonathan Ward Wisnom applied for Disability Insurance Benefits under Title II of the Social Security Act (the

1

"Act"), protectively filing in this regard on November 7, 2002.[1] (Transcript (Tr.) at 499-503.) The Commissioner denied plaintiff's application initially and on reconsideration. (Tr. at 454-57, 461-65.) Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on February 17, 2004, at which time plaintiff was represented by counsel. (Tr. at 937-94.) In a decision issued on April 22, 2004, the ALJ determined that plaintiff was not disabled. (Tr. at 18-25.) The ALJ entered the following findings:

> 1. The claimant met the disability insured status requirements of the Act on June 6, 1998, and last met them on June 30, 1999. The claimant has not engaged in substantial gainful activity since his alleged onset of disability.
>
> 2. The medical evidence establishes that the claimant is status post open reduction internal fixation of a left calcaneal fracture, June 12, 1998 which is a severe impairment but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.
>
> 3. The claimant's subjective complaints are not credible for the reasons given in the rationale portion of this decision.
>
> 4. The claimant has the ability to perform sedentary exertional [sic] as defined

---

[1] The record indicates, and the parties are in agreement, that plaintiff initially applied for disability benefits in 1989 and was found disabled due to a back condition. Those benefits were terminated, however, due to plaintiff engaging in substantial gainful activity. Plaintiff did not appeal the October 22, 2002, administrative hearing decision in this regard. Rather, plaintiff filed a new application which led to this action.

2

|   |   |   |
|---|---|---|
| | | in the <u>Dictionary of Occupational Titles</u> and the Social Security Regulations (limited to sitting no more than 30 minutes at a time). In addition, he could occasionally bend but is unable to no [sic] stoop, kneel or crawl. |
| | 5. | The claimant has past relevant work experience as a product demonstrator, cook, watchman, and bartender (20 CFR 416.965 and 404.1565). |
| | 6. | The claimant is unable to perform his past work. This finding is supported by the testimony of the vocational expert. |
| | 7. | The claimant was considered an individual on his alleged date of onset and is considered an individual closely approaching advanced age with a high school education. |
| | 8. | The claimant has transferrable work skills within his residual functional capacity. This finding is supported by the testimony of the impartial vocational expert. |
| | 9. | Based on an exertional capacity for light work, the claimant's age, education, [and] work experience, section 404.1569 of Regulations No. 4, Rule 201.15 in Table No. 1 would support a conclusion of "not disabled." This finding is supported by the testimony of the impartial vocational expert. |
| | 10. | The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of thus decision (20 CFR 416.920(f) and 404.1520(f)). |

(Tr. at 24-25.) The Appeals Council declined review of the ALJ's decision on March 11, 2005. (Tr. at 7-11.) Plaintiff then sought

/////

3

1  judicial review, pursuant to 42 U.S.C. § 405(g), by filing the
2  complaint in this action on April 19, 2005.

## LEGAL STANDARD

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (Substantial evidence "is more than a mere scintilla but not necessarily a preponderance.")

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d

4

1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is conclusively presumed disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his or her past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff advances three arguments in his motion for summary judgment. First, plaintiff argues that the ALJ erred at step two of the sequential evaluation by failing to find plaintiff's alleged back impairment to be a severe impairment. Second, plaintiff asserts that the ALJ erred in his assessment of the opinion of John C. Kofoed, M.D., an orthopedic surgeon who is plaintiff's treating physician. Third, plaintiff contends that the ALJ erred in evaluating plaintiff's testimony regarding the severity of his symptoms and the resulting limitations those symptoms place upon him. The court addresses plaintiff's arguments below, although not in the order plaintiff has presented them.

Beginning with plaintiff's argument regarding the opinion of Dr. Kofoed, it is well-established that the medical opinion of a treating physician is entitled to special weight. See Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989); Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester, 81 F.3d at 830 (citing Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987)). "At least where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." Id. (citing Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991)). "Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial

evidence in the record for so doing." Id. (citing Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)).

Here, Dr. Kofoed opined that plaintiff could occasionally lift 10 pounds and frequently lift 5 pounds; stand only 2 hours in an 8-hour work day (20 minutes without interruption); and sit only 4 hours in an 8-hour work day (30 minutes without interruption). (Tr. at 842-43.) According to Dr. Kofoed, plaintiff could never climb, stoop, kneel, crouch or crawl and only occasionally bend at the waist. (Tr. at 843.) Plaintiff's ability to push and pull and tolerate cold and damp weather are also affected. (Tr. at 844-45.) Dr. Kofoed indicated that plaintiff's pain would interfere with his ability to concentrate for up to one-third of the work day. (Tr. at 845.) With respect to medical findings supporting his assessment of plaintiff's limitations, Dr. Kofoed cited an assortment of conditions, including pain, arthritis and degenerative changes of the neck, back, foot, ankle and heel. (Tr. at 842-45.) Finally, when asked to "[p]lease estimate, on the average, how often your patient is likely to be absent from work as a result of the medical impairments or treatment for those impairments," Dr. Kofoed checked the line indicating "[o]ne day per month." (Tr. at 845.) When asked "[w]hat are the medical findings that support this assessment?", he wrote: "guesstimate since pain issues." (Id.)

In his apparent attempt to distinguish the opinion of Dr. Kofoed, the ALJ stated as follows:

> In response to a request from [plaintiff's counsel], Dr. Kofoed filled out a Medical Assessment [form] provided by [counsel].

7

> (Exhibit B14F.)  As Dr. Kofoed had not treated claimant in recent years, he candidly admitted that his answers to some of the pain issues presented to him were "guesstimate(s)". (Exhibit 14F-4.)  Nevertheless, I have used this RFC, along with the testimony of claimant that he lives by himself, does household chores, swims in good weather, reads a lot, and generally does the "best he can" as a framework for my findings.

(Tr. at 23.)  The ALJ's treatment of the treating physician's opinion does not withstand scrutiny.

After carefully reviewing Dr. Kofoed's report, it is clear to the court that Dr. Kofoed did not, as the ALJ suggested, "guesstimate" as to all of plaintiff's limitations.  Rather, the "guesstimate" Dr. Kofoed referred to pertained only to the question of how many days per month plaintiff would miss work due to those limitations.  (Tr. at 845.)  Moreover, Dr. Kofoed did not indicate that his opinion should be construed as less informed because he had not seen plaintiff recently.  Finally, in attempting to distinguish Dr. Kofoed's report by relying on plaintiff's testimony regarding his daily activities, the ALJ mischaracterized those activities.  In this regard, plaintiff testified that household chores are painstaking tasks for him that he must stretch out over the course of the week and perform for no more than one to one and a half hours per day.  (Tr. at 969-70.)  The performance of such limited household chores, along with simply living alone, reading and doing the "best as I can," are not sufficient to discredit plaintiff's allegations of pain.  As the Ninth Circuit has held:

> The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits .... Yet if a claimant is able to

>                spend a substantial part of his day engaged in
>                pursuits involving the performance of physical
>                functions that *are* transferable to a work
>                setting, a specific finding as to this fact may
>                be sufficient to discredit an allegation of
>                disabling excess pain.

Fair, 885 F.2d at 603.  See also Webb v. Barnhart, 433 F. 3d 683, 688 (9th Cir. 2005) (That Webb sought employment suggests no more than that he was doing his utmost, in spite of his health, to support himself."); Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.")

With respect to swimming, plaintiff's entire testimony touching on this subject was his brief remark: "In the summertime, I swim."  (Tr. at 971.)  The ALJ did not ask any additional questions to further develop the record and it is not at all clear whether plaintiff's idea of swimming during the summer consisted of rigorous exercising by truly swimming in a lake or ocean, for example, or merely bathing at rest in a swimming pool.  Plaintiff's brief testimony regarding swimming is unilluminating and does not provide any basis for questioning the treating physician's opinion.

Accordingly, the court finds that the ALJ failed to articulate specific and legitimate reasons based upon substantial evidence in the record for not accepting the opinion of Dr. Kofoed

regarding plaintiff's physical abilities to perform work. Reversal is therefore required.

Turning next to plaintiff's credibility argument, it is well-established that the determination of credibility is a function of the ALJ, acting on behalf of the Commissioner. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). An ALJ's assessment of credibility should, in general, be given great weight. Nyman v. Heckler, 779 F.2d 528, 530-31 (9th Cir. 1985). Thus, questions of credibility and resolution of conflicts in the testimony are functions solely of the Commissioner. Morgan, 169 F.3d at 599. In evaluating a claimant's subjective testimony regarding pain and severity of his or her symptoms an ALJ may consider the presence or absence of supporting objective medical evidence along with other factors. See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996). Ordinary techniques of credibility evaluation may be employed, and the adjudicator may take into account prior inconsistent statements or a lack of candor by the witness. See Fair, 885 F.2d at 604 n.5.

Nonetheless, an ALJ's rejection of a claimant's testimony must be supported by specific findings. Morgan, 169 F.3d at 599; Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir. 1993)(citing Miller, 770 F.2d at 848). Once a claimant has presented evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of his or her symptoms merely because the testimony is unsupported by objective medical evidence. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Reddick v. Chater, 157

F.3d 715, 722 (9th Cir. 1998); Light v. Chater, 119 F.3d 789, 792 (9th Cir. 1997).  Rather, "the ALJ can reject the claimant's testimony about the severity of [his or] her symptoms only by offering specific, clear and convincing reasons for doing so." Light, 119 F.3d at 792.  See also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Reddick, 157 F.3d at 722.

Here, plaintiff's medical records document conditions which might reasonably be expected to cause the symptoms allegedly suffered by plaintiff.  Further, the ALJ failed to make specific and detailed findings in not fully crediting plaintiff's testimony in this regard. In rejecting plaintiff's testimony that he is unable to work due to the severity of his symptoms relating to the condition of his back and lower extremities, the ALJ merely offered vague and unspecific reasons.  For example, the ALJ observed that there were "discrepancies between the claimant's assertions and information contained in the reports of the treating and examining physicians"; plaintiff's allegations "were not well supported by the probative evidence"; his "course of treatment does not support the level of severity described by claimant"; and "the medical evidence simply does not establish a medical basis for such restrictions."  (Tr. at 23.)  These very general observations fall well short of detailing specific, clear and convincing reasons for not fully crediting plaintiff's testimony.  See Reddick, 157 F.3d at 722 ("[T]he Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing.  General findings are insufficient[.]") (internal quotations and citations omitted); see also Rollins, 261

F.3d at 856-57 ("[T]he ALJ 'must specifically make findings that support this conclusion,' and the findings 'must be sufficiently specific to allow a reviewing court to conclude the [ALJ] rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit [the] claimant's testimony.'")(citations omitted). Reversal is required for this reason as well.

Finally, the opinion of Dr. Kofoed and plaintiff's testimony, when properly credited, clearly indicate that plaintiff's back impairment has more than a minimal effect on his ability to work. Treatment notes of another physician from around the same time as Dr. Kofoed's report also indicate as much. (Tr. at 832-33.) Plaintiff's medical history reflects that he suffered from something more than a slight back abnormality during the relevant time period. See 20 C.F.R. §§ 404.1521(a), 416.921(a); Webb, 433 F.3d at 686-87; Smolen, 80 F.3d at 1290. Thus, as plaintiff argues, the ALJ also erred at step two of the sequential evaluation in not finding plaintiff's alleged back impairment to be a severe impairment.

In light of the errors identified above, reversal is required and the appropriate remedy must be determined. The decision whether to remand a case for additional evidence or to simply award benefits is within the discretion of the court. Ghokassian v. Shalala, 41 F.3d 1300, 1304 (9th Cir. 1994); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990). In this regard, the Ninth Circuit has stated: "[g]enerally, we direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed."

1  Ghokassian, 41 F.3d at 1304 (quoting Varney v. Sec'y of Health & Hum.
2  Servs., 859 F.2d 1396, 1399 (9th Cir. 1988)).  This rule recognizes
3  the importance of expediting disability claims.  Holohan v.
4  Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001); Ghokassian, 41 F.3d
5  at 1304; Varney, 859 F.2d at 1401.  Where, as here, there were no
6  legitimate reasons given for disregarding the treating physician's
7  opinions or plaintiff's testimony, there is no need to remand the
8  case for additional findings.  See Moisa, 367 F.3d at 887 (remanding
9  for award of benefits where the ALJ erroneously rejected plaintiff's
10 subjective pain testimony);  Moore v. Commissioner, 278 F.3d 920, 925
11 (9th Cir. 2002) (remanding for payment of benefits where the ALJ
12 "improperly rejected testimony [plaintiff's] three examining
13 physicians"); Holohan, 246 F.3d at 1211; Ghokassian, 41 F.3d at 1304
14 (awarding benefits where the ALJ "improperly discounted the opinion
15 of the treating physician").

16        If the opinion of plaintiff's treating physician and
17 plaintiff's own testimony are properly credited, the evidence
18 indicates that plaintiff is unemployable and disabled.  Plaintiff
19 filed his application nearly four years ago.  No useful purpose would
20 be served by delaying this matter further for additional
21 administrative proceedings.  Therefore, this matter will be remanded
22 with the direction to grant benefits.
23 /////
24 /////
25 /////
26 /////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. Defendant's cross-motion for summary judgment is denied; and

3. The decision of the Commissioner of Social Security is reversed and this case is remanded with the direction to grant benefits.

DATED: September 18, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.socsec\wisnom0753.order

14